**NOT FOR PUBLICATION**
File Name: 08a0250n.06
Filed: May 8, 2008

**No. 07-5333**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| THADDEUS YOUNG, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant - Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, COOK, and FARRIS,* Circuit Judges.

FARRIS, Circuit Judge.

Thaddeus Young was arrested in his apartment complex by Memphis police officers after he was found in possession of marijuana and a firearm. He was indicted by a federal grand jury under 18 U.S.C. § 922(g) for unlawful possession of a firearm by a convicted felon. After the district court denied his motion to

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

suppress evidence obtained during a *Terry* stop, Young pled guilty and was sentenced to 235 months imprisonment. Young appeals (1) the denial of his motion to suppress and (2) his sentence. We affirm.

## I

In reviewing a motion to suppress, we review the district court's factual findings for clear error and the district court's application of the law to the facts de novo. *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994).

Officers have the authority to stop and temporarily detain citizens "if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The reasonableness of a *Terry* stop and search is determined by examining "(1) whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to a reasonable suspicion; and (2) whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand." *United States v. Hardnett*, 804 F.2d 353, 356 (6th Cir. 1986). On appeal, Young argues that the officers lacked reasonable suspicion to stop him and, in the alternative, that the scope of the search was unreasonable.

**A**

In finding that the officers had reasonable suspicion to stop Young, the district court relied on (1) testimony from arresting officers Gray and Smith that Young made a "flagging" gesture toward the officers; (2) testimony from Gray that Young asked the officers if they were looking for marijuana; (3) the complex's reputation as a drug hot spot; and (4) the fact that Young walked away from the officers when he realized they were police. Young argues that the district court erred in crediting the officers' testimony and that the remaining facts are insufficient to support reasonable suspicion under *United States v. Patterson*, 340 F.3d 368 (6th Cir. 2003). We reject the argument.

The district court's factual findings were not clearly erroneous. Both officers indicated that they saw Young make a "flagging" gesture. Though Smith did not recall Young asking the officers if they were looking for marijuana, the court reasonably determined that the officers' stories were not inconsistent: Gray, who was in the passenger's seat, was closer to Young than Smith, and Smith's testimony that he did not remember hearing the statement was not inconsistent with Young's testimony. The court also noted that "neither officer was impeached in such a way as to bring into question their general veracity."

Viewing the district court's findings of fact in their totality, the officers

3

"were aware of specific and articulable facts which gave rise to a reasonable suspicion" that Young was engaged in criminal activity. *Hardnett*, 804 F.2d at 356. Young asked the officers if they were "looking for some weed." When Gray responded "yeah, sure, you got some," Young approached the vehicle. A reasonable officer could conclude that Young was intending to sell marijuana to the officers. This conclusion is supported by the fact that Young made a flagging gesture towards the car. Gray testified that this gesture had been used by individuals who attempted to sell drugs to him in the complex in the past.

In isolation, the fact that Gray walked away from the officers or that the incident occurred in an area known for drug activity might be insufficient to support the stop. *Patterson*, 340 F.3d at 371-72. When viewed with the rest of the record evidence, however, these facts support the district court's ruling. *See United States v. Smith*, 263 F.3d 571, 594 (6th Cir. 2001) ("It is possible for factors, although insufficient individually, to add up to a reasonable suspicion." (citation and quotation omitted)).

**B**

Young argues that, even if the officers had reasonable suspicion to detain him for questioning, their decision to frisk him was unreasonable in light of the fact that Young cooperated with the officers and that he was stopped near his

4

home. This argument is unavailing. Officers who stop a person who is "reasonably suspected of carrying drugs" are "entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions." *United States v. Heath*, 259 F.3d 522, 530 (6th Cir. 2001); *see also United States v. Garcia*, 496 F.3d 495, 505 (6th Cir. 2007) (concluding that a pat-down was reasonable when "the officers reasonably suspected the [suspects] of drug trafficking"). On this record, the officers could properly frisk Young. *See Heath*, 259 F.3d at 530.

## II

The district court sentenced Young to 235 months imprisonment, at the upper end of the guidelines range. Young appeals this sentence. The thrust of Young's argument is that his sentence is substantively unreasonable because it was "greater than necessary to effectuate the purposes of justice."

We review Young's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). We reject Young's argument. In sentencing Young, the district court recognized that Young had "a long history of gun violence, physical violence, various conflicts with the law," and a gang affiliation. The court determined that a sentence at the upper end of the guidelines range was needed to protect the public and provide just punishment.

5

Young argues that his criminal history is "already taken into account in the computation of the guidelines range." This argument is inapposite, as Young was given a within-guidelines sentence. In any event, Young had 28 criminal history points, over twice the number required to fall into criminal history Category VI. Many of his offenses were violent. The court acted within its discretion by sentencing Young at the upper end of the guidelines range.

Finally, Young argues that the district court relied too strongly on a single § 3553(a) factor. He fails, however, "to identify any relevant factor that the district court neglected to consider." *United States v. Crowell*, 493 F.3d 744, 751 (6th Cir. 2007).

**AFFIRMED.**